## Evars *versus* Kamphaus.

1. A question in ejectment being as to the boundary merely between two lots of land, no title was involved in the contest.

2. The attorneys of both parties in an ejectment entered into an agreement in open court, submitting a question of boundary to the final determination of arbitrators. The award of the arbitrators and judgment thereon were conclusive in another ejectment between the same parties for the same land.

3. No question under the Statute of Frauds arises in the settlement of a boundary to render the authority of attorneys doubtful.

November 5th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county*: No. 89, to October and November Term 1868.

This was an action of ejectment by Henry Evars against Henry Kamphaus for a strip of ground about 7 inches wide, in the city of Pittsburg. The writ was issued November 27th 1868. The parties owned respectively adjoining lots, and the question was as to the line between the lots. In November 1866, Evars being then in possession of the strip, an action of ejectment was brought by Kamphaus to recover possession of the strip. Judgment by default was rendered against him March 2d 1867, and an habere facias possessionem was issued. On the 11th of May

[Evars v. Kamphaus.]

1867 Evars applied to have the judgment by default opened, which was accordingly done, the attorneys of both parties agreeing to submit the controversy to three surveyors.

The following agreement was entered into and filed in the case: "And now, to wit, May 11th 1867, referred by consent of attorneys in open court to C. McGowan, James S. Devlin and Charles Reichspfarr, to meet, &c. * * * on whose report, or that of a majority, judgment to be entered by the prothonotary without exception or appeal. Said judgment, when entered, to be final and conclusive as to the title of the property in dispute in this action."

This agreement was signed by the attorneys of both parties. On the 20th of July 1867 an award was made by two of the arbitrators, finding for the plaintiff the strip of land in controversy, describing it by metes and bounds. Judgment was entered on the award, and under it Kamphaus obtained possession.

This ejectment was then brought by Evars.

On the trial, before Hampton, P. J., the plaintiff having given evidence to establish his title, the defendant gave in evidence the record of the former suit including the submission, award and judgment on it.

The defendant, amongst others, submitted the following point:—

"1. That the award of the arbitrators at No. 465 of November Term 1866, and the judgment entered thereon offered in evidence in this case, is final and conclusive as to the title of the property in dispute, and the plaintiff cannot recover."

The court declined to affirm this point, and reserved the question.

The jury found for the plaintiff, and the court afterwards entered judgment for the defendant *non obstante veredicto*.

The plaintiff took out a writ of error, and assigned for error the entering of judgment for the defendant.

*Barton*, for plaintiff in error.—It requires two verdicts the same way in ejectment to conclude the title: Act of April 13th 1807, § 4, 4 Smith's L. 477, Purd. 366, pl. 15; Treaster *v.* Fleisher, 7 W. & S. 137; Duer *v.* Boyd, 1 S. & R. 209; Ives *v.* Leet, 14 Id. 301. The attorneys could not bind their client by the agreement to arbitrate: Stokely *v.* Robinson, 10 Casey 317.

*D. Reed* and *W. W. Thompson*, for defendant in error.—The authority of an attorney at law extends to everything necessary to protect the interests of his client, and includes an agreement to refer: Silvis *v.* Eby, 3 W. & S. 426–7; Gillingham *v.* Clark, 1 Phila. R. 51; Stokely *v.* Robinson, 10 Casey 317; Wilson *v.* Young, 9 Barr 101; Babb *v.* Stromberg, 2 Harris 399.

[Evars v. Kamphaus.]

The opinion of the court was delivered, January 4th 1869, by THOMPSON, C. J.—The question submitted to arbitrators in the former suit between these parties, about this strip of seven inches in width of ground, and for which this as a second ejectment, was brought, did, as does the present, involve a question of boundary merely. It is hardly conceivable that there could be a distinct title for such a strip, independently of the adjoining lots, and this was not the case here. It belonged to one or other of the lots of the respective claimants, dependent on the true line between them. This being so, the judgment by default in the first ejectment was set aside on the defendant by his counsel, who made the motion to open it, agreeing in open court to a submission of the matters in controversy to arbitrators, whose award, or a majority, should " be final and conclusive as to the title of the property in dispute in this action." Three surveyors were chosen the arbitrators, and reported the line between the lots, and found in favor of the plaintiff as a consequence thereof. No title was involved in the contest—the objection, therefore, that the attorney could not stipulate for the conclusiveness of the award on the title is, in this case, an abstraction, and the power need not be determined. That he could stipulate for the finality of the award on a question of boundary, we think there is no doubt: see Babb v. Stromberg, 2 Harris 397 ; Wilson v. Young, 9 Barr 101. No question under the Statute of Frauds and Perjuries arises in the settlement of a boundary or division line, to render the authority of the attorney questionable. This was all that was submitted in this case. We think that the learned judge was right in holding the judgment on the award in the former case final and conclusive in this case, as it was agreed in open court it should be. The controversy was not only settled by it, but has been acquiesced in since, as no motion appears to have been made at any time questioning it by either party. We must therefore, for these reasons, approve the judgment of the court below on the reserved question.

Judgment affirmed.

AGNEW and SHARSWOOD, JJ., dissented.